**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY f/k/a ASSOCIATION INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>FOUR BUILDERS PLUS SIDING DIVISION, LLC, C. HAMPTON ATKINS, MARK A. BARFORD, MICHELLE T. BARFORD, HOLLY BLANCHARD, DARCI BUCHANAN, KARL BUCHANAN, LEO BRUEGGEMAN, BEVERLY CARROLL, THOMAS CORDEIRO, GAYLE C. FOSTER, ROBERT S. FOSTER, SR., JAN. R. GUNN, KIRK A. GUNN, MATTHEW HORTON, CONNIE MICHELS, JOHN MICHELS, KAREN MILLER, ELLEN PARKER, MATTHEW V. ROUGHGARDEN, NANCY T. ROUGHGARDEN, LYDIA SCHAFER, PATRICK, SCHAFER, ANNETTE P. SHERMAN, ENOCH G. SHERMAN, BETH STENGER, WALTER STENGER, CHRIS TAYLOR, JANE TAYLOR, TARA WHITE, WILLIAM WHITE, LEAH WILKINS, TAL WILKINS, CATHERINE T. YOUNG, THOMAS E. YOUNG, JR., Individually, on Behalf of All Others Similarly Situated, and On Behalf of The Preserve at The Clam Farm Homeowners Association, Inc.,<br><br>Defendants. | CASE NO.: 2:22-cv-02209-DCN<br><br>**AMERICAN BUILDERS INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT** |

Plaintiff, American Builders Insurance Company f/k/a Association Insurance Company ("AIC"), by and through its undersigned counsel, hereby states the following as its complaint for

1

Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT

1. Pursuant to 28 U.S.C. § 2201 and Rule 57, FRCP, AIC seeks a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under certain policies of insurance with respect to claims of damages which have arisen as a result of a construction project known as The Preserve at the Clam Farm ("Clam Farm") which is the subject of a matter pending in the Court of Common Pleas, County of Charleston, State of South Carolina, Ninth Judicial Circuit titled *C. Hampton Atkins, et al. v. Clam Farm Partnership, LLC, et al.*, 2019-CP-10-5277, which is a purported class action involving construction defects allegations (the "Underlying Lawsuit"). A copy of the complaint filed in the Underlying Lawsuit is attached as Exhibit A.

## JURISDICTION

2. Jurisdiction over the claims, subject matter and parties contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

## VENUE

3. This action properly lies in the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the work performed on the Clam Farm project lies in this judicial district; the underlying action is pending in this judicial district; the parties are subject to personal jurisdiction in the state of South Carolina; and a substantial part of the events giving rise to this declaratory judgement action occurred in this judicial district. Thus, venue is proper in this judicial district.

## PARTIES

4. This matter is a declaratory judgement action, pursuant to 28 U.S.C. §2201 et. seq. and Rule 57, FRCP, seeking a declaration by this Honorable Court as to the rights and obligations of the parties herein pursuant to policies of insurance sold by AIC to FBPSD Plus Siding Division, LLC ("Four Builders").

5. AIC is an insurance company organized and existing under the laws of the state of Delaware, is licensed to sell policies of insurance in the state of South Carolina and maintains its principal place of business in Georgia.

6. Four Builders is an entity organized and existing pursuant to the laws of the state of South Carolina with its principal place of business in Charleston, South Carolina and at all times relevant to this action was conducting business at the Clam Farm project.

7. Nothing contained herein is to be construed as in support of the allegations against Four Builders in the Underlying Lawsuit.

8. Upon information and belief, C. Hampton Atkins, Mark A. Barford, Michelle T. Barford. Holly Blanchard, Darci Buchanan, Karl Buchanan, Leo Brueggeman, Beverly Carroll, Thomas Cordeiro, Gayle C. Foster, Robert S. Foster, Sr., Jan R. Gunn, Kirk A. Gunn, Matthew Horton, Connie Michels, John Michels, Karen Miller, Ellen Parker, Matthew V. Roughgarden, Nancy T. Roughgarden, Lydia Schafer, Patrick Schafer, Annette P. Sherman, Enoch G. Sherman, Beth Stenger, Walter Stenger, Chris Taylor, Jane Taylor, Tara White, William White, Leah Wilkins, Tal Wilkins, Catherine T. Young, and Thomas E. Young, Jr. are residents of Charleston County, South Carolina, and are owners of the condominiums at the Clam Farm project. (*See* Exhibit A, at ¶ 1.) All of these individuals are the named plaintiffs in the Underlying Lawsuit who

are purportedly representatives of additional putative class members (the "Purported Class Representatives").

9. The interests of any additional putative class members are being protected by the named Purported Class Representatives because they are the only active participants in the Underlying Lawsuit and have represented to the underlying state court that they are adequate and committed representatives of the purported class. (*See* Exhibit A, at ¶¶ 37, 38, 44.)

10. AIC issued the following Commercial General Liability policies to Four Builders: PKG 0182015 00 (1/30/2015 – 1/30/2016), PKG 0182015 01 (1/30/2016 – 1/30/2017), PKG 0182015 02 (1/30/2017 – 1/30/2018), PKG 0182015 03 (1/30/2018 – 1/30/2019), PKG 0182015 04 (1/30/2019 – 1/30/2020), and PKG 0182015 05 (1/30/2020 – 1/30/2021). True and accurate copies of the foregoing policies are attached hereto as Exhibit B.

11. The Purported Class Representatives have brought the Underlying Lawsuit against, among others, Four Builders, as well as against other entities and persons involved in the design, construction, and management of the Clam Farm Project alleging various causes of action and seeking damages.

12. CF Evans Construction Company, LLC ("CF Evans") is alleged to have been the general contractor during Phase 1 of the Clam Farm construction.

13. CF Evans is alleged to have hired Four Builders to install the exterior trim and siding during Phase 1 of the construction, which included work on buildings 4, 6, and 7.

14. CF Evans filed a third-party complaint against its subcontractors, including Four Builders, alleging contractual indemnification, equitable indemnification, breach of express warranties, breach of implied warranty of workmanlike service, negligence, breach of contract, and contribution. *See* Third Party Complaint, attached hereto as Exhibit C.

15. By letter dated June 10, 2021, AIC agreed to defend Four Builders in the Underlying Lawsuit under a complete reservation of rights. *See* ROR, attached hereto as <u>Exhibit D</u>.

16. By letter dated July 8, 2022, AIC issued a supplemental reservation of rights letter to Four Builders agreeing to continue in its defense subject to a complete reservation of rights. *See* Supplemental ROR, attached hereto as <u>Exhibit E</u>.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment – Duty to Defend as to Four Builders)**

17. The Policies contain a Prior Completed Operations exclusion, Form GL PCO 02 14, which provides coverage is excluded for property damage "arising out of [Four Builders'] work if [Four Builders'] work was completed or abandoned prior to the first date of coverage . . . ."

18. CF Evans hired Four Builders to perform the siding and trim work during Phase 1 of the Project.

19. The subcontract between CF Evans and Four Builders is dated December 29, 2008.

20. Four Builders began work on the Project during February of 2009.

21. The certificates of occupancy show a completion date for Phase 1 of the Project on April 19, 2010.

22. AIC's first policy incepted on January 20, 2015, and Four Builders work on the Project was completed by April 19, 2010, at the latest.

23. Because Four Builders work on the Project was completed well before AIC's first policy incepted, the Prior Completed Operations exclusion in the Policies bars coverage for any property damage sought in the Underlying Lawsuit.

24. As such, AIC requests a declaration from this Court that the Policies do not require AIC to defend Four Builders with respect to the claims against Four Builders in the Underlying Lawsuit.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment – Duty to Defend as to Four Builders)**

25. The Policies contain a Condominium Exclusion, which provides that coverage is excluded for property damage "arising out of [Four Builders'] work in the design, manufacture, construction, fabrication, maintenance, repair, remodeling, service, correction or replacement of any part of a 'condominium project' and/or a 'community apartment project/cooperative project.'"

26. The Condominium Exclusion defines a "condominium project" as "a development consisting of condominiums," and provides that a "condominium consists of an undivided interest in common in a portion of real property coupled with a separate interest in space called a unit."

27. The Condominium Exclusion further defines a "community apartment project/co-operative project" as "a development in which an undivided interest in land is coupled with the right of exclusive occupancy of any apartment located therein."

28. The Clam Farm project is a "condominium project" and/or a "community apartment project."

29. The complaint in the Underlying Lawsuit provides that the Purported Class Representatives are members of The Preserve at the Clam Farm Homeowners Association, Inc., formerly titled The Preserve at the Clam Farm Condominium Association, Inc. (*See* Exhibit A, at ¶¶ 1-2).

30. The master deed and other exhibit materials attached to the complaint in the Underlying Lawsuit also refer to the Clam Farm project as "condominiums" and further refer to it consisting of "apartment," "apartment unit," and "unit."

6

31. AIC would show that any property damage found against Four Builders arose out of Four Builders' work on the Clam Farm project, which is a "condominium project" or a "community apartment project," and any such property damage is excluded pursuant to the Policies' Condominium Exclusion.

32. Because the Claim Farm is a condominium project, there is no possibility of coverage under the Policies for damages that could be recovered against Four Builders in the Underlying Lawsuit.

33. In addition to the Condominium Exclusion, other policy exclusions foreclose coverage under the Policies for any property damage sought in the Underlying Lawsuit, including, but not limited to, Exclusion j(5) and Exclusion j(6).

34. AIC, therefore, requests a declaration from this Honorable Court that the Policies do not require AIC to defend Four Builders with respect to the claims against Four Builders in the Underlying Lawsuit.

### THIRD CAUSE OF ACTION
**(Declaratory Judgment – Duty to Indemnify as to Four Builders)**

35. In the alternative, if this Honorable Court finds the Underlying Lawsuit triggers AIC's duty of defense with respect to Four Builders, AIC seeks a declaration in relation to whether or not the claims against Four Builders in the Underlying Lawsuit trigger the duty of indemnity and to what extent, if any, the duty of indemnity is triggered.

36. AIC would show that Four Builders carries the burden of proving, with specificity and particularity, all damages, if any, that fall within the Policies.

37. AIC would show that should a judgment be entered against Four Builders in the Underlying Lawsuit, the judgment holder, i.e., the Purported Class Representatives in the

7

Underlying Lawsuit, carries the burden of proving, with specificity and particularity, all damages that fall within the Policies.

38. AIC would show that damages must be analyzed to determine which damages result from an occurrence pursuant to the Policies.

39. AIC would show that damages must be analyzed to determine what portion of damages meet the definition of property damage pursuant to the Policies.

40. AIC would show that repair costs associated with a finding of defective work, if any, do not meet the definition of property damage pursuant to the Policies, are excluded pursuant to Exclusion (l), as modified by GL RFWE 10 13 and GL ESCW 01 07.

41. AIC would show that any damages found against Four Builders must be allocated into categories of (1) improper work, and (2) resulting damages. Only resulting damages potentially can qualify as property damage under the Policies.

42. AIC would show that any other damages and costs claimed in the Underlying Lawsuit that do not meet the definition of property damage and are not caused by an occurrence, are not covered under the Policies, and do not trigger the duty of indemnity.

43. AIC would show that any damages qualifying as property damage must be applied to all policy exclusions to determine if excluded under the Policies.

44. AIC would show that any property damage found against Four Builders that occurred during Four Builders' work on the Clam Farm project, is excluded by the Prior Completed Operations Exclusion in the Policies.

45. AIC would show that any property damage found against Four Builders that relates to the recall of products, work or impaired property is excluded pursuant to the Policies' Exclusion n.

46. AIC would show that the Policies provide only limited fungi/mold coverage, with a $2,500 limit and a $2,000 deductible, for any property damage found against Four Builders that would not have occurred, but for the threatened existence of fungi.

47. AIC would show that any property damage found against Four Builders that relates to any professional services by Four Builders is excluded under the Policies' Exclusion–Designated Professional Services, Exclusion–Construction Management Errors and Omissions, Exclusion–Engineers, Architects or Surveyors Professional Liability, and Exclusion–Contractors–Professional Liability.

48. AIC would show that any property damage found against Four Builders that is expected or intended from the standpoint of the insured is excluded under the Policies.

49. AIC would show that any property damage found against Four Builders that is found to fall under any other applicable policy exclusions or limiting endorsements under the Policies is excluded and/or limited.

50. AIC requests a declaration from this Court that the Policies do not require AIC to indemnify Four Builders with respect to the claims against Four Builders in the Underlying Lawsuit.

51. Should any damages found against Four Builders be adjudicated as meeting the definition of property damage, as caused by an occurrence, and as not otherwise excluded or limited by an exclusion or endorsement under the Policies, AIC seeks a declaration of the dollar amount of such damages.

52. AIC would show that any damages meeting the definition of property damage and not otherwise excluded and/or limited by any applicable policy exclusions or limiting

endorsements under the Policies must be applied to a time-on-risk analysis to determine which of those damages fall within the policy period.

53.    AIC would show that any damages occurring outside of the policy period do not trigger the duty of indemnity.

WHEREFORE, having fully set forth its claims, AIC prays unto this Honorable Court as follows:

a. For a declaration of the rights and obligations of the parties herein;

b. For a declaration that AIC owes no duty of defense;

c. For a declaration that AIC owes no duty of indemnity;

d. For a declaration that determines which damages, if any, trigger the duty of indemnity under the AIC policies;

e. For the court to determine the dollar amount of damages, if any, due under the relevant AIC insurance policies after conducting an analysis of the damages that determines which damages, if any, from the Underlying Lawsuit meet the requirements of the insuring agreement, are not excluded or limited by exclusions or endorsements, are not the work of the insured, and that are property damage from an occurrence during the policy subject to a time-on-risk analysis; and

f. For any and all other relief this Honorable Court deems just and proper.

SIGNATURE PAGE TO FOLLOW

Respectfully submitted,

ETHRIDGE LAW GROUP, LLC


By: *s/ R. Michael Ethridge*
    R. MICHAEL ETHRIDGE
    Federal Bar No.: 7497
    MARY S. WILLIS
    Federal Bar No.: 12388
    1100 Queensborough Blvd., Suite 200
    Mount Pleasant, SC 29464
    843-614-0007
    methridge@ethridgelawgroup.com
    mwillis@ethridgelawgroup.com

*Attorneys for Plaintiff American Builders Insurance Company f/k/a Association Insurance Company*