# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY, *f/k/a Association Insurance Company*, <br><br> Plaintiff, <br><br> vs. <br><br> FOUR BUILDERS PLUS SIDING DIVISION, LLC; C. HAMPTON ATKINS; MARK A. BARFORD; MICHELLE T. BARFORD; HOLLY BLANCHARD; KARL BUCHANAN; LEO BRUEGGEMAN; BEVERLY CARROLL; THOMAS CORDEIRO; GAYLE C. FOSTER; ROBERT S. FOSTER, SR.; JAN R. GUNN; KIRK A. GUNN; MATTHEW HORTON; CONNIE MICHELS; JOHN MICHELS; KAREN MILLER; ELLEN PARKER; MATTHEW V. ROUGHGARDEN; NANCY T. ROUGHGARDEN; LYDIA SCHAFER; PATRICK SCHAFER; ANNETTE P. SHERMAN; ENOCH G. SHERMAN; BETH STENGER; WALTER STENGER; CHRIS TAYLOR; JANE TAYLOR; TARA WHITE; WARDEN WILLIAM WHITE; LEAH WILKINS; TAL WILKINS; CATHERINE T. YOUNG; and THOMAS E. YOUNG, JR., *Individually, on Behalf of All Others Similarly Situated, and On Behalf of The Preserve at The Clam Farm Homeowners Association, Inc.*, <br><br> Defendants. | No. 2:22-cv-02209-DCN <br> **ORDER** |

1

The following matter is before the court on plaintiff American Builders Insurance Company's ("Builders Insurance") motion for summary judgment, ECF No. 25.[1] For the reasons set forth herein, the court grants the motion.

## I. BACKGROUND

This declaratory judgment case stems from an underlying action currently pending in the Charleston County Court of Common Pleas. Atkins v. Clam Farm Partnership, LLC, No. 2019-CP-10-05277 (Charleston Cnty. Ct. C.P. filed Oct. 14, 2019) ("Atkins" or the "Underlying Action"). The Underlying Action is a construction defect case brought by various homeowners, as a purported class, who live in a development known as The Preserve at the Clam Farm (the "Clam Farm") against the developers, builders, and designers of the homes in the Clam Farm. See generally Amend. Compl., Atkins, No. 2019-CP-10-05227.[2] Defendant Four Builders Plus Siding Division, LLC ("Four Builders") is one of the subcontractors named as a defendant in the Underlying Action. See id. ¶ 19. The remaining defendants in this case are homeowners who make up the purported plaintiff class in the Underlying Action (the "Purported Class Representatives"). See id. ¶ 1; ECF No. 1 ¶ 8.

The material facts in this case are not in dispute. In the Underlying Action, the Purported Class Representatives allege that the Clam Farm was developed by Clam Farm Partnership, LLC ("CFP"). Amend. Compl. ¶ 3, Atkins, No. 2019-CP-10-05227. CFP

---

[1] Docket numbers 25 and 26 are both labeled as Builders Insurance's motion for summary judgment. See ECF Nos. 25; 26. However, a review of the briefs indicates that ECF No. 25 is a motion for summary judgment, and ECF No. 26 is a memo in support of that motion at ECF No. 25.

[2] The Purported Class Representatives filed their, now-operative, amended complaint in the Underlying Action on April 25, 2022.

hired the CF Evans Construction Company, LLC ("CF Evans") to serve as the general contractor during the Clam Farm's construction. Id. ¶ 10. CF Evans, in turn, hired Four Builders as a subcontractor on December 29, 2008, to perform siding and trim work during Phase I of construction. Id. ¶ 19; ECF Nos. 1 ¶ 18; 26-4 (subcontract between CF Evans and Four Builders). According to certificates of occupancy issued by the South Carolina Department of Health and Environmental Control, Phase I of construction was completed as of April 19, 2010. See ECF No. 26-7.

The Purported Class Representatives filed the Underlying Action against Four Builders, among several other entities, on October 14, 2019. See Compl., Atkins, No. 2019-CP-10-05227. In pertinent part, the Purported Class Representatives allege that the buildings in the Clam Farm, including those worked on by Four Builders, "exhibited evidence of premature degradation of building components, including paint and sealants, as well as building performance failures, including, but not limited to, water intrusion, termites, structural failure, and settlement issues." Amend. Compl. ¶ 67, Atkins, No. 2019-CP-10-05227; see also ECF No. 26-3 (Purported Class Representatives' expert witness report in Underlying Action). On February 25, 2021, CF Evans filed a third-party complaint against Four Builders in the Underlying Action in which CF Evans asserts claims for contractual indemnification, equitable indemnification, breach of express warranties, breach of implied warranty of workmanlike service, negligence, breach of contract, and contribution. See CF Evan's Answer & 3d Party Compl., Atkins, No. 2019-CP-10-05227.

Several years after Four Builders completed its portion of the work on Phase I of the Clam Farm, but before the Underlying Action was filed, Builders Insurance began

insuring Four Builders through a series of successive commercial general liability policies (the "Policies") beginning on January 30, 2015.[3] ECF No. 26-12. Pursuant to these Policies, Builders Insurance agreed to defend Four Builders in the Underlying Action in two letters sent June 10, 2021, and July 8, 2022, under a complete reservation of rights. ECF Nos. 1-4; 1-5.

Builders Insurance then filed this case on July 12, 2022. ECF No. 1, Compl. It seeks a declaration that it has no duty under the Policies to defend Four Builders in the Underlying Action or to indemnify Four Builders for a judgment awarded against it in that case.[4] Id. Builders Insurance moved for summary judgment on December 13, 2023,

---

[3] The specific policy numbers and their respective coverage dates are:
1. PKG 0182015 00 (1/30/2015 – 1/30/2016)
2. PKG 0182015 01 (1/30/2016 – 1/30/2017)
3. PKG 0182015 02 (1/30/2017 – 1/30/2018)
4. PKG 0182015 03 (1/30/2018 – 1/30/2019)
5. PKG 0182015 04 (1/30/2019 – 1/30/2020)
6. PKG 0182015 05 (1/30/2020 – 1/30/2021).

The Policies do not appear to differ any in their language. See ECF No. 26-12. If the Policies differ at all, the parties have not identified how any such differences impact the coverage issues at stake in this case.

[4] In a recent case, this court held that an insurance company's declaratory judgment action was unripe when the insurance company sought a declaration over whether it had a duty to indemnify a construction company for a judgment that could be awarded against the construction company in a pending underlying action. See Am. Builders Ins. Co. v. Sea Castle Custom Homes, LLC, 2024 WL 53679, at *8 (D.S.C. Jan. 4, 2024). However, this court expressly predicated that decision on the fact that that case concerned only claims about the insurance company's duty to indemnify and not its duty to defend. Id. at *7. In contrast, this case focuses on Builders Insurance's possible duties to both defend and indemnify under the Policies, so the court is not faced with the same ripeness concerns. See id.; see also Trustgard Ins. Co. v. Collins, 942 F.3d 195, 200 (4th Cir. 2019) ("Thus, suits about the duty to indemnify—unlike the duty-to-defend suits—would ordinarily be advisory when the insured's liability remains undetermined." (emphasis added)); General Star Indem. Co. v. Condustrial, Inc., 2023 WL 388135, at *3 (D.S.C. Jan. 25, 2023) (declining to dismiss declaratory judgment action based on duty to defend because the Fourth Circuit's holding in Trustgard focused only on the ripeness of indemnity claims).

ECF No. 25, and Four Builders responded in opposition on January 10, 2024, ECF No. 30. As such, this matter is now ripe for the court's review.

## II.  STANDARD

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

## III.  DISCUSSION

Builders Insurance argues that the court should grant summary judgment in this case and declare that Builders Insurance is under no obligation under the Policies to

either defend or indemnify Four Builders in the Underlying Action.[5] ECF No. 26 at 8. Builders Insurance explains that its coverage obligations normally arise from the following language in the Policies:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for . . . "property damage" to which this insurance does not apply.

ECF No. 26-12 at 23.

Despite the general coverage obligation set forth in this language, the Policies include several exclusions that might relieve Builders Insurance of its coverage obligations in certain circumstances. Builders Insurance specifically argues that two such exclusions apply in this case: the Prior Completed Operations Exclusion (the "PCO Exclusion") and the Condominium Exclusion. ECF No. 26 at 4–8.

The PCO Exclusion "modifies insurance provided under . . . [the] commercial general liability coverage part [and the] products/completed operations liability coverage part." ECF No. 26-13 at 1 (emphasis omitted). It states that the Policies "do[] not apply to 'property damage' arising out of 'your work' if 'your work' was completed or abandoned prior to the first date of coverage, or renewal thereof without lapse, with Builders Insurance." Id. Builders Insurance therefore argues that the PCO Exclusion precludes coverage in this case because Four Builders had completed its work on the

---

[5] On the second page of its memo, Builders Insurance requests only summary judgment on its duty to defend, but on page eight, it requests summary judgment on both its duty to defend and indemnify. ECF No. 26 at 2, 8. The court assumes the motion extends to both Builders Insurance's possible duties to defend and indemnify.

Clam Farm as of April 19, 2010, as shown in the certificates of occupancy,[6] and this happened several years before Builders Insurance began covering Four Builders in the first of the Policies on January 30, 2015. ECF No. 26 at 6.

Four Builders responds by pointing to the Policies' Section 1 – Coverage A, Paragraph 1.c., which states:

> "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

ECF No. 26-12 at 23. Four Builders notes that the damages alleged in the Underlying Action "are of a continuous and repeated nature, thereby occurring during the Policy periods." ECF No. 30 at 3. Thus, because Four Builders did not become aware of the alleged damages until service of the Underlying Action on March 9, 2021, within the Policies' coverage period, Four Builders argues that the language quoted above obligates Builders Insurance to defend and indemnify in the Underlying Action. Id. However, Four Builders concedes that the language from Section 1 – Coverage A, Paragraph 1.c., and the coverage obligation that flows from that language, is contradicted by the language of the PCO Exclusion. Id. Four Builders thus argues that the conflict between Section 1 – Coverage A, Paragraph 1.c. and the PCO Exclusion is an ambiguity, which must be resolved in favor of coverage. See id.

Four Builders is correct that ambiguities in an insurance policy must be resolved in favor of coverage. See Crossmann Cmtys. of N.C., Inc. v. Harleysville Mut. Ins. Co.,

---

[6] Builders Insurance also points to interrogatories that show that Four Builders' work on the Project was to be completed during Phase I of construction. ECF No. 26 at 7 (citing ECF No. 26-15 at 13).

7

717 S.E.2d 589, 593 (S.C. 2011).  However, courts should not read an ambiguity into a policy when one is not otherwise present, and "courts may not torture the ordinary meaning of language to extend coverage expressly excluded by the terms of a policy." Laidlaw Env't Servs. (TOC), Inc. v. Aetna Cas. & Sur. Co. of Ill., 524 S.E.2d 847, 850 (S.C. Ct. App. 1999) (quoting Falkosky v. Allstate Ins. Co., 429 S.E.2d 194, 196 (S.C. Ct. App.), cert. granted in part, aff'd in part as modified, 439 S.E.2d 836 (S.C. 1993)).  Moreover, "[a]lthough exclusions in an insurance policy are construed against the insurer, insurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or a statutory prohibition."  B.L.G. Enters., Inc. v. First Fin. Ins. Co., 514 S.E.2d 327, 330 (S.C. 1999) (citations omitted).

      The PCO Exclusion expressly states that it "modifies insurance provided under . . . [the] commercial general liability coverage part."  ECF No. 26-13 at 1.  It is well established under South Carolina law that policy endorsements, such as the PCO Exclusion, "supersede[] any inconsistent provision contained in the general terms of the policy and in case of conflict, the endorsement controls."  B.L.G. Enters., 514 S.E.2d at 331–32 (quoting McIntosh v. Whieldon, 30 S.E.2d 851, 854 (S.C. 1944)); accord 2 Couch on Insurance 3d § 21:22 ("[W]hen a rider or endorsement modifies, qualifies, or restricts the terms of the original policy, the rider or endorsement controls."). Consequently, even if Four Builders is correct that there is a conflict between the Policies' coverage language and the PCO Exclusion, such a conflict is not an ambiguity under South Carolina law, and the PCO Exclusion expressly controls.  See B.L.G. Enters., 514 S.E.2d at 331–32.  Further, because neither party disputes that Four

8

Builders's work in the Project was completed prior to the coverage date under the Policies, the PCO Exclusion unambiguously precludes coverage. See ECF Nos. 26-12; 13; 30 at 1–3. For this reason, the court grants summary judgment and declines to consider Builder Insurance's alternative argument on the Condominium Exclusion.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** Builders Insurance's motion for summary judgment.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 5, 2024**
**Charleston, South Carolina**

9